

MEMO ENDORSED

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**BRADFORD C. PATRICK**
*Assistant Corporation Counsel*
Tel.: (212) 788-1575
Fax: (212) 788-9776

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/7/08
```

April 4, 2008

BY HAND
Honorable James C. Francis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: Ricks v. O'Hanlon, et al., 07 CV 9849 (WHP)(JCF)

Dear Judge Francis:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendant Bronx County District Attorney Robert Johnson in the above-referenced matter.[1] I am writing to respectfully request that Your Honor stay this litigation pending the conclusion of the Bronx County District Attorney's Office's prosecution of plaintiff on criminal charges stemming from the same arrest that gives rise to this lawsuit. In the alternative, I respectfully request a sixty-day enlargement of time, from April 7, 2008 to June 9, 2008, within which defendant Johnson may answer or otherwise respond to the amended complaint. I write directly to the Court because plaintiff is currently incarcerated and proceeding pro se in this matter. No previous request for an extension has been made by defendants.

      The amended complaint alleges, inter alia, that plaintiff was subjected to excessive force during his June 13, 2006 arrest and denied due process by defendant Johnson during the prosecution of his criminal case. The prosecution of the underlying criminal case is ongoing. Accordingly, a stay of this matter is necessary in the interests of judicial economy.

      "It is well settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995); see also United States v. Kordel, 397 U.S. 1, 12 n.27 (1970) (Courts are empowered with "discretionary authority to stay a civil

---

[1] On information and belief, "P.O. Brian O'Hanlon", "P.O. Jeremy Rodriguez" and "P.O. Kevin Casey", who plaintiff purports to name as defendants, have not been served with a copy of the summons and complaint in this action.

action pending the resolution of a parallel criminal proceeding when the interests of justice so require."); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) (upholding district court's exercise of discretion in staying civil proceedings until resolution of parallel criminal proceedings against the defendant).

The reasons for granting a stay have been summarized as follows: "The non-criminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b) [or governing state law], expose the basis of the defense to the prosecution in advance of the criminal trial, or otherwise prejudice the case." Certain Real Property, 751 F. Supp. 1060, 1062 (E.D.N.Y. 1989) (quoting Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)). In deciding whether to grant the stay, the Court should consider (1) the private interest of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed, (2) the private interests of, and burden on, the defendants, (3) the convenience of the courts, (4) the interests of persons not parties to the civil litigation, and (5) the public interest. Twenty-First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992).

In this case, this office seeks this stay out of necessity. The factors the Court considers in determining whether to stay this matter clearly weigh in favor of issuing a stay. This office must conduct an investigation into the incident alleged in this action. Currently, there are three individually named police officers in this action, Officers Brian O'Hanlon, Jeremy Rodriguez and Kevin Casey. Should these individual police officers be served in this action, this office would then be required to conduct an investigation to determine whether or not individual defendants would be entitled to representation pursuant to the General Municipal Law. General Municipal Law § 50(k); Mercurio v. The City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). However, because the District Attorney's Office is pursuing the prosecution of plaintiff, the potential individual officer defendants in this civil action are likely witnesses in the pending criminal action and will be unable to freely communicate with the Office of the Corporation Counsel until the conclusion of the District Attorney's prosecution.

Once the criminal prosecution has been concluded, the named police officers can be made available to this office without putting them in a position to potentially make statements against their interest. It is also within the interest of the public to issue such a stay. General Municipal Law § 50(k) calls for the resources of the City of New York to be used for legal representation only after it has been determined by the Office of the Corporation Counsel of the City of New York that the individual defendants are entitled to such representation. In a case like this where it cannot yet be determined whether the potential individual defendants are so entitled, it benefits the public to stay the civil litigation pending the criminal investigation rather then using the resources of the City of New York, or waste public and judicial resources to litigate this matter, only later to determine that individual defendants are entitled to representation and certain aspects of this case must be re-litigated.

Accordingly, we respectfully submit that, in the interest of judicial economy, the public interest, and the efficient progress of this litigation, which is in the interest of all parties involved, Your Honor should grant defendant's request for a stay of this matter pending the outcome of the Bronx County District Attorney's Office's prosecution of plaintiff for the incident giving rise to the instant civil action. In the alternative, it is respectfully requested that the Court grant the within request extending defendant Johnson's time to answer the amended complaint until June 9, 2008.

Thank you for your consideration in this regard.

Respectfully submitted,

*[signature]*

Bradford C. Patrick
Assistant Corporation Counsel
Special Federal Litigation Division

cc: BY MAIL
James Ricks, #241-06-08006
Plaintiff Pro Se
Otis Bantum Correctional Center
1600 Hazen St.
East Elmhurst, NY 11370

4/7/08

*[Handwritten order:]* Application for a stay denied without prejudice to renewal once issue has been joined and the factors relevant to a stay application have been fleshed out. Defendant Johnson's application for an extension of time to answer to June 9, 2008 is granted.

SO ORDERED.
James C. Francis IV
USMJ

3