RECEIVED
JUN 05 2008
CHAMBERS OF
JAMES C. FRANCIS IV
UNITED STATES M.

**MEMO ENDORSED**

THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

BRADFORD C. PATRICK
*Assistant Corporation Counsel*
Tel.: (212) 788-1575
Fax: (212) 788-9776

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/08

June 5, 2008

BY HAND
Honorable James C. Francis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: <u>Ricks v. O'Hanlon, et al.</u>, 07 CV 9849 (WHP)(JCF)

Dear Judge Francis:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendant Bronx County District Attorney Robert Johnson in the above-referenced matter. As Your Honor may recall, by Endorsement dated April 7, 2008, the Court denied defendant Johnson's request to stay this action pending the resolution of the underlying criminal matter without prejudice to renew once issue had been joined. I am writing to respectfully renew defendants' request to stay these proceedings. In the alternative, I respectfully request a thirty-day enlargement of time, from June 9, 2008 until July 9, 2008 within which defendants District Attorney Johnson, Police Officer Brian O'Hanlon and Police Officer Jeremy Rodriguez may answer or otherwise respond to the complaint.[1] I write directly to the Court because plaintiff is currently incarcerated and proceeding <u>pro se</u> in this matter. This is defendants' second request for an enlargement of time in this action.

    The amended complaint alleges, <u>inter alia</u>, that plaintiff was subjected to excessive force during his June 13, 2006 arrest and denied due process by defendant Johnson during the prosecution of his criminal case. In addition to defendants Johnson, O'Hanlon and Rodriguez, the amended complaint purports to name Police Officer Kevin Casey as a defendant. However, on information and belief, Officer Casey has not been served with a copy of the summons and amended complaint and is therefore not a defendant at this time.

---

[1] Although this office does not currently represent Officers O'Hanlon and Rodriguez, this request is made on their behalves so that their defenses are not jeopardized while representational issues are resolved.

By letter dated April 4, 2008, the undersigned informed the Court that the prosecution of the underlying criminal case was ongoing. Since that date, I have spoken with the Assistant District Attorney assigned to plaintiff's criminal case, who informs me that the People intend to pursue the criminal matter, which is proceeding in Bronx County Supreme Court under docket number 02845-2006, toward trial.

"It is well settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995); see also United States v. Kordel, 397 U.S. 1, 12 n.27 (1970) (Courts are empowered with "discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require."). In deciding whether to grant the stay, the Court should consider (1) the private interest of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed, (2) the private interests of, and burden on, the defendants, (3) the convenience of the courts, (4) the interests of persons not parties to the civil litigation, and (5) the public interest. Twenty-First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992).

On information and belief, following our April 4, 2008 letter to the Court, Police Officers O'Hanlon and Rodriguez were served with a copy of the summons and amended complaint. Before this office can undertake to represent these individuals pursuant to General Municipal Law § 50-k and answer the amended complaint on their behalves, we will have to speak with these officers regarding the allegations contained in the amended complaint. As the incident that gives rise to the amended complaint is also the basis for plaintiff's pending criminal prosecution, any statements Officers O'Hanlon and Rodriguez make for the purpose of obtaining legal representation may create additional discovery obligations for the District Attorney's Office in the criminal matter pursuant to People v. Rosario, 9 N.Y.2d 286 (N.Y. 1961). Furthermore, this discovery obligation could then serve to vitiate the confidentiality of attorney-client communications in the corresponding civil lawsuit.

Accordingly, we respectfully request that, for the reasons set forth above and in our April 4, 2008 letter to the Court, Your Honor grant the within request for a stay of this matter pending the outcome of the Bronx County District Attorney's Office's prosecution of plaintiff for the incident giving rise to the instant civil action. In the alternative, it is respectfully requested that the Court extend defendants Johnson, O'Hanlon and Rodrguez's time to answer the amended complaint until July 9, 2008. 

2

Thank you for your consideration in this regard.

>Respectfully submitted,
>
>*[signature]*
>
>Bradford C. Patrick
>Assistant Corporation Counsel
>Special Federal Litigation Division

cc: <u>BY MAIL</u>
James Ricks, #241-06-08006
Plaintiff <u>Pro Se</u>
Otis Bantum Correctional Center
1600 Hazen St.
East Elmhurst, NY 11370

6/10/08

Defendants' request for a stay is effectively an untimely motion for reconsideration of my April 7, 2008 Order and is denied. The time to answer or move is extended to June 23, 2008 only, and no further extensions will be permitted.

SO ORDERED.

*James C. Francis IV*
USMJ

3